IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| ROBERT MAGOON, #599317 | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-04-355 |
| | § | |
| DOUG DRETKE, DIRECTOR | § | |
| TDCJ-CID | § | |

## **REPORT AND RECOMMENDATION**

Before the Court is the "Petition for a Writ of Habeas Corpus by a Person in State Custody" filed by Robert Magoon, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division. The State has custody of Petitioner pursuant to a September 9, 1991, sentence of twenty years imprisonment in the TDCJ-CID imposed by the Second District Court of Cherokee County, Texas after Petitioner pled guilty to the felony offense of robbery. Petitioner alleges he appealed the conviction, but no record of such an appeal exists.

Petitioner challenges the calculation of his sentence in this federal habeas action. The State argues that the instant writ is a successive petition that requires permission from the Fifth Circuit before Petitioner can file it. Petitioner himself admits in his Response that he has filed two federal habeas writs on the issue at stake here. The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires prisoners to receive authorization from the appropriate federal appellate court before filing the writ in District Court. 28 U.S.C. § 2244(b)(3). This Court therefore cannot consider Petitioner's writ without prior authorization from the Fifth Circuit.

The Court therefore need not reach the State's additional argument that Petitioner's claims are unexhausted because administrative hearings on them are ongoing in the TDCJ-CID.

However, the Court points out that the State overlooks the fact that Petitioner did not raise the equal protection claim at issue here in his state habeas writ. As a result, his constitutional claim would be unexhausted, and almost certainly time-barred, even after all current state proceedings are completed.

The Court therefore **RECOMMENDS** that the Petition for a Writ of Habeas Corpus of Robert Magoon (Instrument No. 1) be **DISMISSED WITHOUT PREJUDICE as a successive petition.**

The Clerk shall send copies of this Report and Recommendation to the Parties. The Parties **SHALL** have until **January 30, 2006**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections SHALL be mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553. **Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time **SHALL** bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this _____4th_____ day of January, 2006.

_____
John R. Froeschner
United States Magistrate Judge